

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**
JUN 0 3 2002

|  |  |
|---|---|
| FREDERIC C. AMBROSE and FLEX-REST, LLC | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 02C 2753 ) ) |
| STEELCASE, INC., OFFICE DETAILS, INC. and OFFICE CONCEPTS, INC., | ) Judge Joan H. Lefkow ) Magistrate Judge Martin C. Ashman ) |
| Defendants. | ) ) |

FILED-EDS
02 MAY 24 PM 2: 51
CLERK
U.S. DISTRICT COURT

## DEFENDANTS' NOTICE OF COMBINED MOTION TO
## 1. TRANSFER ACTION AS TO STEELCASE, INC AND OFFICE DETAILS, INC. TO WESTERN DISTRICT OF MICHIGAN PURSUANT TO 28 U.S.C. §1404(a); and
## 2. SEVER ACTION AS AGAINST DEFENDANT OFFICE CONCEPTS, INC. PURSUANT TO F.R. CIV. P. RULE 21, AND STAY THAT ACTION

TO:   David R. Bennett, Esq.          Edmund J. Sease, Esq.
      Roper & Quigg                   McKee, Voorhees & Sease
      200 S. Michigan Ave.            801 Grand Avenue
      Suite 1000                      Suite 3200
      Chicago, IL 60604               Des Moines, IA 50309-2721

**PLEASE TAKE NOTICE THAT** on Thursday, May 30, 2002 at 9:30 a.m., or as

soon thereafter as we may be heard, we will appear before Honorable Joan H. Lefkow in the

courtroom usually occupied by her in the Dirksen Federal Building, 219 S. Dearborn Street,

Chicago, IL and will present the attached Combined Motion  for entry of an Order:

      1.     Transferring the action against Steelcase, Inc. and Office Details, Inc. to

the United States District Court for the Western District of Michigan pursuant to 28 U.S.C.

§1404(a); and



2.     Severing and staying the claims against Defendant Office Concepts, Inc.

Attorneys for Defendants
George Pazuniak
Thomas Stevens
**CONNOLLY BOVE LODGE & HUTZ LLP**
1220 Market Street
Wilmington, Delaware 19899
302 658-9141

William D. Heinz, Esq. (#01176900)
Russell J. Hoover, Esq. (#1257544)
**JENNER & BLOCK LLC**
One IBM Plaza
Chicago, IL 60611
312 222-9350

Dated:  May 24, 2002

#788718

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2002, as required by Rule 5(a) of the

Federal Rules of Civil Procedure, I caused true and correct copies of the foregoing Notice, the

Combined Motion to which it refers, and Defendants' Opening Memorandum to be served

personally by special messenger prior to 4:00 p.m. upon:

> David R. Bennett, Esq.
> Roper & Quigg
> 200 S. Michigan Ave.
> Suite 1000
> Chicago, IL 60604

and served  by first class mail with postage prepaid upon:

> Edmund J. Sease, Esq.
> McKee, Voorhees & Sease
> 801 Grand Avenue
> Suite 3200
> Des Moines, IA 50309-2721

Russell J. Hoover

#788776

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED-ED5
02 MAY 24 PM 2: 51
CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| FREDERIC C. AMBROSE and FLEX-REST, LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  02C 2753 |
| STEELCASE, INC., OFFICE DETAILS, INC. and OFFICE CONCEPTS, INC., | ) ) ) ) | Judge Joan H. Lefkow Magistrate Judge Martin C. Ashman |
| Defendants. | ) ) | |

DOCKETED
JUN 0 3 2002

**DEFENDANTS' COMBINED MOTION TO**
**1. TRANSFER ACTION AS TO STEELCASE, INC AND OFFICE DETAILS, INC. TO**
**WESTERN DISTRICT OF MICHIGAN PURSUANT TO 28 U.S.C. §1404(a); and**
**2. SEVER ACTION AS AGAINST DEFENDANT OFFICE CONCEPTS, INC.**
**PURSUANT TO F.R. CIV. P. RULE 21, AND STAY THAT ACTION**

Pursuant to 28 USC 1404(a) and F.R.Civ. P. Rule 21, Defendants, through their

counsel, move for entry of an Order:

1.     Transferring the action against Steelcase, Inc. and Office Details, Inc. to

the United States District Court for the Western District of Michigan pursuant to 28 U.S.C.

§1404(a); and

2.     Severing and staying the claims against Defendant Office Concepts, Inc.

In support of this Motion, Defendants submit their Opening Brief, the

Declarations of Edmund X. Klipa and Bruce Byl, and the exhibits attached in the Opening Brief.

Defendants' counsel requested Plaintiffs' concurrence in this motion by telephone discussion with Plaintiffs' counsel, but Defendants' request was rejected.

Respectfully Submitted,

Attorneys for Defendants
George Pazuniak
Thomas Stevens
**CONNOLLY BOVE LODGE & HUTZ LLP**
1220 Market Street
Wilmington, Delaware 19899
302 658-9141

William D. Heinz, Esq. (#01176900)
Russell J. Hoover, Esq. (#1257544)
**JENNER & BLOCK LLC**
One IBM Plaza
Chicago, IL 60611
312 222-9350

Dated:  May 24, 2002

#788720

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FREDERIC C. AMBROSE and<br>FLEX-REST, LLC | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| STEELCASE, INC.,<br>OFFICE DETAILS, INC. and<br>OFFICE CONCEPTS, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Civil Action No.  02C 2753

Judge Joan H. Lefkow
Magistrate Judge Martin C. Ashman

**DOCKETED**
**JUN 0 3 2002**

**DEFENDANTS' OPENING MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' COMBINED MOTION TO**
**1. TRANSFER ACTION AS TO STEELCASE, INC AND OFFICE DETAILS, INC. TO**
**WESTERN DISTRICT OF MICHIGAN PURSUANT TO 28 U.S.C. §1404(a); and**
**2. SEVER ACTION AS AGAINST DEFENDANT OFFICE CONCEPTS, INC.**
**PURSUANT TO F.R. CIV. P. RULE 21, AND STAY THAT ACTION**

## I.   INTRODUCTION

This is an action for alleged infringement of two patents for designs of computer

keyboard supports.  The nominal plaintiffs are the patents' named inventor and his assignee, both

of whom reside in Massachusetts.  (Complaint ¶ 1).  Defendants are Steelcase, Inc., an office

furniture manufacturer based in Grand Rapids, Michigan ("Steelcase"); Office Details, Inc. a

wholly-owned subsidiary of Steelcase who actually designs, manufacturers and sells the accused

keyboard supports, also based in Grand Rapids, Michigan ("ODI"), and Office Concepts, Inc., an

office furniture dealer who one of several dealers to sell ODI's keyboard supports in Chicago

("Concepts").

Defendants respectfully move the Court to:

1.    Transfer the action as to Steelcase and ODI to United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1404(a); and

2.    Sever and stay this action as against Concepts pursuant to F.R. Civ. P. Rule 21.

## II.   FACTS

### A.   Patents-in-Suit and Plaintiffs

The two patents in suit are attached as Tabs A and B to the Complaint.  Patent No. 5,709,489, which issued January 20, 1998; and No. 5,961,231, which issued October 5, 1999.  Both name Plaintiff Frederic C. Ambrose as the sole inventor.  The Complaint alleges that both patents have now been assigned to his company, Plaintiff Flex-Rest, LLC (Complaint ¶¶ 7, 14).  Both named Plaintiffs reside in the Commonwealth of Massachusetts, and neither appear to have any relationship whatsoever to this judicial district (Complaint ¶ 1).  Plaintiff Flex-Rest appears to sell computer keyboard supports by mail through an internet web-site.  [http://www.flexrest.com/].

Although not identified in the Complaint, a real party in interest here is a third-party company, Patent Enforcement and Royalties Ltd. (or as it refers to itself, "PEARL").  PEARL is a publicly traded Canadian venture capital firm whose business is to instigate, support and generally invest in United States lawsuits, primarily patent lawsuits.  (Exhibit C).  It boasts of having interests in "a number of U.S. patent suits and is actively pursuing additional suits that are well advanced in the litigation process." [id]  PEARL and the named Plaintiffs "intend to pursue a number of other infringers believed to be infringing the patents."  (Exhibit D)  PEARL is based in Toronto, Canada, and also appears to have no connection to this judicial district. (Exhibits C and D)

2

**B.**     **Steelcase and ODI's Witnesses, Documents and Other Contacts**

Steelcase and ODI are Michigan corporations, with their principal places of

business in Grand Rapids, Michigan. (Declaration of Edmund X. Klipa, Exhibit A ¶ 3)

Steelcase designs, produces, and supplies integrated office furniture-systems. (Exh. A ¶ 4)  It

operates its businesses, conducts research, designs and engineers its products, and manages its

marketing activities in its headquarters and other facilities in Grand Rapids, Michigan. (Exh. A ¶

5)  Steelcase, however, does not design, make or sell computer keyboard supports, but all such

work is conducted by ODI. (Exh. A ¶¶ 6-7)  Thus, the relevant issues on a transfer motion in this

case involve ODI.[1]

ODI conducts its business from Grand Rapids, Michigan, in the Western District

of Michigan. (Exh. A ¶ 8).  ODI has no relationship to the Northern District of Illinois, other

than that ODI sells its products in this District, just as it does in every other part of the country.

(Exh. A ¶ 18)  Thus, ODI has a sales representative in Chicago and attends trade shows in

Chicago, but the activities are similar to the sales and marketing activities of any other major

metropolitan area in the country. (Exh. A ¶¶ 16-18).  Indeed, the Complaint alleges that ODI

(and Steelcase) have infringed "within this judicial district and/or elsewhere throughout the

United States." (Complaint ¶¶ 8, 15)

On the other hand, the Western District of Michigan is ODI's (and Steelcase's)

headquarters and primary business locations. (Exh. A ¶¶ 5, 8).  That is where the company

conducts all its activities relevant to the allegations of infringement of patents involving the

keyboard support business. *Id.*

---

[1]  The facts and issues relating to Steelcase do not differ from that of ODI for purposes of this
transfer motion, however, because Steelcase also operates its business in the Western District of
Michigan. (Exh. A ¶ 5)

3

Of particular importance in any patent infringement case are the witnesses that can establish the relevant prior art, and discuss the technology of the allegedly infringing products. At least many engineers who would be helpful to ODI (and Steelcase), and particularly those who worked with computer keyboard supports in the time-frame before and at the same time as the Plaintiffs' alleged invention, are located around Grand Rapids, Michigan. (Exh. A ¶ 9)  The relevant product mangers, marketing, financial and other people who could speak to ODI's current activities, including infringement and damage issues, are located in Grand Rapids, Michigan. *Id.*

In addition to witnesses, ODI (and Steelcase) maintain their business records and other documents in Grand Rapids, Michigan, and that is where one would find, for example, samples of old and current keyboard support technology. (Exh. A ¶ 10)

## C.    Defendant Concepts

Steelcase and ODI sell their products through hundreds of independently-owned dealers throughout the United States. (Exh. A ¶ 10)  Defendant Concepts is one such dealer.

Dealers, however, do not design, engineer, or manufacture Steelcase's or ODI's products, and Concepts specifically has never designed, engineered or made any computer keyboard supports. (Declaration of Bruce Byl, Exh. B ¶ 4)  Concepts has had no connection with Steelcase or ODI keyboard supports other than that is one of several dealers in Chicago that sells and services ODI's keyboard supports. (Exh. B ¶ 4)  Concepts has had no contacts with Plaintiffs and had no knowledge of the patents in the case, prior to this lawsuit being filed. (Exh. B ¶ 4)

Indeed, Concepts is not even Steelcase's or ODI's main dealer in the Northern District of Illinois, but there are two dealers in Chicago which have more sales of Steelcase and ODI product than does Concepts.  (Exhibit B ¶ 3)

4

In any case, Concepts has no information relating to the patent issues in this case,

other than that it is one of many dealers found throughout the United States who sell ODI's

computer keyboard supports.  (Exhibit B ¶ 6)

## III.   ARGUMENTS

### I.   THE COURT SHOULD TRANSFER THE ACTION AGAINST STEELCASE AND ODI TO THE WESTERN DISTRICT OF MICHIGAN

The statute, 28 U.S.C. § 1404(a), permits the Court to transfer an action to another

District for the "convenience of the parties, the witnesses, and in the interest of justice."[2] Here,

the balance applying § 1404(a) weighs heavily in favor of transfer:

1.      Plaintiffs are from Massachusetts and have no apparent connection to this

District.  Even the venture capital firm behind the litigation is based in Canada.  Thus, they have

not chosen their "home turf," and plaintiffs' choice of forum is not entitled to deference.[3]

2.      There are no apparent witnesses or documents in this District, and this

District has no particular connection to this case.

_____

[2]  28 U.S.C. § 1404(a); *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp.2d 1052, 1058 (N.D. Ill. 2002); *Ardco, Inc. v. Page, Ricker, Felson Marketing, Inc.*, 25 U.S.P.Q.2d 1382, 1992 WL 246862 (N.D. Ill. 1992); *Black & Decker (U.S.), Inc. v. Sunbeam Corp.*, 1994 WL 865386 (N.D. Ill. 1994).

[3]  *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp.2d 1052, 1058 (N.D. Ill. 2002) ("Plaintiff's choice of forum ... is given less weight 'when the plaintiff is a non-resident of the chosen forum,' or 'where the cause of action did not conclusively arise in the chosen forum.'" ); *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048,1050 (N.D. Ill. 1982) ("[i]f the plaintiff's choice of forum lacks any significant contact with the underlying cause of action, deference to that choice is reduced"); *Robinson v. Madison*; 752 F. Supp. 842, 847 (N.D. Ill. 1990) ("[w]hen none of the defendants' conduct complained of occurred in the forum selected by the plaintiff, the plaintiff's preference has minimal value"); *General Creation LLC, v. Leapfrog Enterprises*, 192 F. Supp.2d 503,505 (W.D. Va. 2002).

3.     Relevant witnesses, documents, product samples and other information are located in Grand Rapids, Michigan.

4.     Thus, Plaintiffs will be required to travel whether the case is pending here or in Massachusetts, while transfer to the Western District of Michigan will avoid travel for the Defendants.

Further, the Western District of Michigan is not only the better forum, but the best forum for this case. In *Recycling Sciences International, Inc. v. Soil Restoration and Recycling L.L.C.*, 159 F.Supp.2d 1095, 1100 (N.D. Ill. 2001), this Court recently stated:

> In patent infringement cases, "practicality and convenience are best served when [it] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field."

Here, the "alleged acts of infringement occurred and the defendant has a regular and established place of business" in the Western District of Michigan, and that is the center for all the issues in this case – Defendants' alleged infringement and Defendants' defenses of prior art.

Such transfer serves the private interests of the litigants, because the transferee forum is the site of the material events and the sources of proof, and serves the convenience to the parties. Such transfer also serves the "public interest," because the litigation is then centered in the community having an interest in the litigation.

While the allegedly infringing products are sold in this District, Plaintiffs admit in their Complaint that they are also sold in every other District in this country. Therefore, that putative connection to this District is meaningless. If that were the standard, every patent infringement case could be brought in this District, because there are probably relatively few products that are not sold here. The fact of some sales here is also irrelevant, because the issue is

6

not what one dealer sold in this District (who is not even the largest such dealer in this city), but what were the total sales and marketing efforts throughout the country.

*Steelcase, Inc. v. Haworth Inc*; 41 U.S.P.Q. 2d 1468,1469-70, 1996 WL 806026 (C.D. Cal. 1996) is particularly instructive in this case, because it involved one of the parties here and the office furniture industry.  There, Steelcase sued Haworth, another office furniture manufacturer based in the Western District of Michigan, for infringing two patents directed to office chairs.  Both Steelcase and Haworth sold chairs in California, and Steelcase sued in California, because that was home to one of its plants manufacturing the chairs.  Nevertheless, the California Court transferred the case to the Western District of Michigan, because: (a) California lacked "a substantial connection with the parties"; (b) the "operative facts" occurred in the Western District of Michigan; (c) the "design, development, manufacture, and distribution" of the allegedly infringing chairs occurred in the Western District of Michigan; (d) none of the facts relating to "development of the patent or the allegedly infringing chairs occurred in California"; and (e) the only real connection between the parties and California was that they sold chairs in California, and Steelcase manufactured the seating in the District.  This case stands with *Steelcase v. Haworth* on essentially identical grounds; and this Court should transfer this case for essentially identical reasons.

Thus, when, as here, Plaintiffs have chosen a foreign forum having no connections to the case, and the relevant witnesses, documents and products are in the transferee forum, this Court should transfer the case where it belongs and where precedent says the case should be.  It will be far more efficient, less expensive and easier for the parties to try this case in the Western District of Michigan, particularly for Defendants and their witnesses.

7

There is also no apparent harm, prejudice or inconvenience to Plaintiffs in having the case transferred to the Western District of Michigan.  Plaintiffs reside in Massachusetts, and whether the case is tried in this District or the Western District of Michigan should make no difference to the Plaintiffs.  Transfer may, in fact, assist the Plaintiffs, because they will have the opportunity to subpoena Steelcase and ODI employees at trial, which they could not do in this District.[4]

Further, to the extent that Plaintiffs and PEARL do intend to pursue infringement actions against other furniture manufacturers, it is noted that the Western District of Michigan is the home for the three largest office furniture manufacturers in this country -- Steelcase, Haworth, Inc. and Herman Miller, Inc.[5]  Thus, the Western District of Michigan is simply "closer to the action," not only for this lawsuit, but also for any future actions by PEARL and the Plaintiffs.

## II.   THE COURT SHOULD SEVER AND STAY THE ACTION AGAINST CONCEPTS

In an apparent effort to establish a connection with this District, Plaintiffs have included as Defendant in this action a local dealer selling the allegedly infringing products.  The dealer, Concepts, has no connection to the Action, except it is one of several dealers – not even the largest such dealer – selling ODI's products in Chicago, and one of several hundred dealers selling the products around the country.

---

[4]  The federal district courts in Chicago and Grand Rapids are 178 miles distance apart.  (See attached Exhibit E, a print of MAPQUEST information)  The two cities are about 130 miles apart by direct line.

[5]  See, *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476, 1478 (N.D. Ga. 1992) ("The office system furniture industry and related businesses are major employers in Western Michigan.  Furthermore, the 'big three' office furniture manufacturers are well known corporate citizens of their communities.")

The presence of the dealer as defendant is not a reason for not transferring the action to the Western District of Michigan, and the established procedure in such cases is to sever the action against the dealer under F. R. Civ. P. Rule 21, and stay that action.

A case directly on point is *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476 (N.D. Ga. 1992). The case was for patent infringement, and involved two furniture manufacturers based in the Western District of Michigan. Haworth sued Herman Miller in Georgia, and joined as co-defendant a dealer of Herman Miller products in that district. On Herman Miller's motion, the Court transferred the action the Western District of Michigan as to Herman Miller because the parties resided there, and the dealer defendant "a Georgia corporation, it is in reality a secondary or indirect participant to this litigation." *Id.*, 821 F. Supp. at 1479. The Court then severed and stayed the case against the dealer in a situation identical to the present:

> This court would be required to sever and stay the action against CWC [the dealer] should the case against Herman-Miller be transferred because suit could not have been brought against CWC in the transferee forum. Because Defendant CWC is a Georgia corporation with no significant contacts to the Western District of Michigan, Haworth could not have properly brought suit against CWC in that venue.
>
> Where "exceptional circumstances," grounded on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," exist, a district court may decline to review a case where proper jurisdiction exists or transfer the case to a more appropriate venue. * * * Therefore, the "convenience of parties" and "the interests of justice" should guide and govern the use of a stay order.
>
> In the case *sub judice,* exceptional circumstances exist. The inconvenience of this federal forum to Herman Miller and the convenience of the Western District of Michigan to the parties and potential witnesses to this action weigh strongly in favor of severing Haworth's action as to Herman Miller and CWC and

transferring the action against Herman Miller to the Western District of Michigan. It is clear that Herman Miller is the primary defendant and CWC is only indirectly connected to the transactions forming the basis of Haworth's claims. * * *

. . . [B]ecause [the dealer] could not be originally sued in the Western District of Michigan, the Clerk of the Court is Directed to Sever Defendant CWC from this action and Stay Haworth's case against CWC pending the resolution of the Haworth and Herman Miller dispute in Michigan. The Clerk of the Court should Close Haworth's case against CWC for statistical purposes, although the case will remain open in legal terms. Haworth may reactivate its dispute against CWC upon conclusion of its affairs in Michigan. Herman Miller's motion to sever and stay the action as to Codefendant CWC is GRANTED.

*Id.*, 821 F. Supp. at 1481-82 (citations omitted)

This case also has close parallels to *Gold v. Burton Corp.*, 949 F. Supp. 208 (S.D.N.Y. 1996). There, a Canadian plaintiff, owner of a patent for gloves, sued a New York sporting goods store and the glove manufacturer in the Southern District of New York. The glove manufacturer moved for transfer to District of Vermont, where it was headquartered, but Vermont had no personal jurisdiction over the New York sporting goods store. Nevertheless, the Southern District of New York severed and stayed the action against the New York sporting goods store, and transferred the case to the District of Vermont. The Court held:

. . . the Court's hands are not tied where, as here, a plaintiff has joined an alleged infringer who has no real connection with the case except being downstream of the real defendant in the distribution chain for the manifest purpose of insisting upon an inconvenient venue with which the plaintiff has no genuine tie.

*Gold, supra*, at 949 F. Supp. at 209-10.[6]

---

[6] The Court cited *Wyndham Associates v. Bintliff*, 398 F.2d 614,618-19 (2d. Cir.), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968) and 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2d § 3845, at 352-53 (1986).

10

Direct precedent from sister jurisdictions, therefore, suggests that this Court should sever the action against Concepts, and stay that case pending the outcome of the main case against Steelcase and ODI.

## IV.    CONCLUSION

For all of the above reasons, and upon the cited authorities, this Court should: (a) transfer the action against Steelcase and ODI to the Western District of Michigan; and (b) sever and stay all claims directed to Office Concepts, Inc.

Respectfully submitted,

*George Pazuniak*
*by Russell J Hoover with authority*

Attorneys for Defendants
George Pazuniak
Thomas Stevens
**CONNOLLY BOVE LODGE & HUTZ LLP**
1220 Market Street
Wilmington, Delaware 19899
302 658-9141

William D. Heinz, Esq. (#01176900)
Russell J. Hoover, Esq. (#1257544)
**JENNER & BLOCK LLC**
One IBM Plaza
Chicago, IL 60611
312 222-9350

Dated: May 24, 2002
#788722

11

# SEE CASE FILE FOR EXHIBITS