IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED

JUN 07 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FREDERIC C. AMBROSE and<br>FLEX-REST, LLC,<br><br>            Plaintiffs,<br><br>v.<br><br>STEELCASE, INC. and<br>OFFICE DETAILS, INC. and<br>OFFICE CONCEPTS, INC.,<br><br>            Defendants. | Civil Action No:  02C 2753<br><br>Judge:  Joan H. Lefkow<br><br>Magistrate Judge:  Martin C. Ashman |

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER ACTION AND SEVER

Edmund J. Sease
Jeffrey D. Harty
Ronald M. Sotak
John D. Goodhue
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA  50309-2721
Telephone:  (515) 288-3667
Facsimile:  (515) 288-1338

David R. Bennett  (#6244214)
Lisa M. Kattan (#6269272)
ROPER & QUIGG
200 S. Michigan Avenue, Suite 1000
Chicago, IL   60604
Telephone:  (312) 408-0855
Facsimile:  (312) 408-0865

Attorneys for Plaintiffs
FREDERIC C. AMBROSE and FLEX-REST, LLC

DOCKETED

JUN 1 0 2002

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................1

II.   FACTS .................................................................................2

III.  SEVERANCE IS INAPPROPRIATE BECAUSE THE CLAIMS AGAINST STEELCASE, OFFICE DETAILS, AND CONCEPTS ARISE AT LEAST IN PART OUT OF THE SAME TRANSACTION OR OCCURRENCE AND PRESENT COMMON QUESTIONS OF LAW ...........................................4

IV.  TRANSFER IS INAPPROPRIATE BECAUSE THE MOVANT CANNOT SHOW "A CLEAR BALANCE OF INCONVENIENCE" .................6

    A. The Balance Of Private Interests Weighs Against Transfer ...............7

       1.  Plaintiff's Choice Of Forum Is Given Deference .........................7

       2.  The Situs Of Material Events Exists In Illinois ...........................8

       3.  Moving the Venue Merely Shifts Any Inconvenience From Defendants To Plaintiffs .......................................................9

       4.  The Transferee District Is Inconvenient For Counsel ...............10

       5.  Much Of The Proof In This Case Is Located In Chicago...........10

    B. The Balance Of Public Interests Weighs Against Transfer.............11

       1.  The Northern District Of Illinois Is More Familiar With Intellectual Property Litigation And Thus There Is Likely To Be Greater Judicial Efficiency Here.......................................12

       2.  There Is A Strong Possibility Of Potential Bias In Favor Of Defendants In Michigan..........................................................12

IV.  CONCLUSION.................................................................14

# TABLE OF AUTHORITIES

## CASES

*Bennett v. School Dirs. Of Dist. 115*, 1996 WL 495555, at *3 (N.D. Ill. 1996) ............................. 4

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) ....................................................... 7

*Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479 (N.D. Ill. 1987) ..................................... 10

*Haworth, Inc. v. Herman Miller, Inc.*, 821 F.Supp. 1476 (N.D. Georgia 1992)..................... 13, 15

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989)................... 6

*Pasulka v. Sykes*, 131 F. Supp. 2d 988 (N.D. Ill. 2001).................................................. 7, 9, 11, 13

*Peterson v. United States Steel Corp.*, 624 F.Supp. 44 (N.D. Ill. 1985)......................................... 7

*Recycling Scis. Intern. v. Soil Restoration*, 159 F. Supp. 2d 1095 (N.D. Ill. 2001)............ 7, 11, 12

*Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052 (N.D. Ill. 2002).............. 10

*Steelcase Inc. v. Haworth Inc.*, 41 U.S.P.Q.2d 1468 (C.D. Cal. 1996 )................................. 11, 13

*The Magnavox Company v. APF Electronics, Inc.*, 496 F. Supp. 29 (N.D. Ill. 1980)................... 5

*United States ex rel. Finks v. Huda*, 205 F.R.D. 225 (S.D. Ill. 2001)............................................ 4

*Uresil Corp. v. Cook Group Inc.*, 1988 WL 124335 (N.D. Ill. 1988)............................................ 6

*Vandeveld*, 877 F. Supp. at 1169 ............................................................................................. 9, 11

## STATUES, RULES, AND OTHER AUTHORITIES

28 U.S.C. § 1404.................................................................................................................................... 2

28 U.S.C. § 1404(a) ..................................................................................................................... 1, 6, 11

35 U.S.C. § 271(a) ............................................................................................................................. 4, 8

35 U.S.C. § 271(b) ................................................................................................................................. 4

Fed. R. Civ. P. 21 ............................................................................................................................... 1, 4

## I.    INTRODUCTION

Plaintiffs Frederic C. Ambrose and Flex-Rest, LLC (collectively "Ambrose") brought this patent infringement action against Steelcase Inc. ("Steelcase"), Office Details, Inc. ("Office Details") (collectively "Defendants"), and Office Concepts, Inc. ("Concepts"). Ambrose is the sole inventor of the two patents-in-suit for computer keyboard supports, and Flex-Rest is his assignee. Steelcase is the largest office equipment manufacturer in the country, is licensed to do business in Illinois and maintains a substantial presence in Illinois. Office Details is a wholly owned subsidiary of Steelcase that also maintains a presence in Illinois through its authorized sales representative and through its association with Steelcase and the Steelcase Dealer network. Finally, Concepts is an Illinois Corporation licensed to do business solely in Illinois. Ambrose alleges that these three defendants infringed his patents when they manufactured, offered to sell and sold infringing keyboard supports in Illinois. As this action involves the infringement activities of three entities, each of whom maintain a presence in the Northern District of Illinois and whom engaged in a substantial portion of the infringing activities in the Northern District, Ambrose chose to bring the action in this court. Now, Steelcase seeks to move the case to its home turf.

Defendants Steelcase and Office Details have moved this court to transfer the action to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). Moreover, presumably because Defendants do not believe that the Western District of Michigan court can exercise personal jurisdiction over Concepts, they have moved to sever the suit against Concepts, pursuant to F. R. Civ. P. Rule 21. Notably, they do not argue that venue in this district is improper. Rather, they claim that trying the case in the Western District of Michigan will be more "helpful"

1

to them. *See* Memorandum in Support of Defendant's Motion To Transfer and Sever at 4.
Defendants argue that the Western District of Michigan Court is a more convenient forum
because certain documents and witnesses relevant to the action are located there. They fail,
however, to recognize that many other documents and witnesses relevant to this action are
located in Chicago where Concepts maintains its principal place of business. They also ignore
that the case could not have been brought in the first instance in their preferred transferee district,
making 28 U.S.C. § 1404 transfer improper.

Transfer of venue in this action is inappropriate because Ambrose's infringement action
involves not only the manufacture of infringing keyboard supports but also the offers to sell and
sales of these keyboards – actions which took place in Illinois. Further, severance of the claims
against Concepts and piecemeal litigation is inappropriate because the allegedly infringing
activities of Steelcase, Office Details and Concepts arise out of the same transaction or
occurrence, present common questions of law and would increase the expense and burden of
Plaintiffs.

## II.    FACTS

Frederic C. Ambrose, a resident of Massachusetts, is the sole inventor of the two patents
at issue, both of which are assigned to Flex-Rest, also a resident of Massachusetts. (Ambrose
Aff., ¶ 1). Flex-Rest sells computer keyboard supports over the Internet. (Ambrose Aff., ¶ 3).
Flex-Rest also sells its patented keyboard support products through various other channels
including Dartek and Global Computer Supplies catalogs, who have offices in Naperville,

2

Illinois. (Ambrose Aff., ¶¶ 3, 4). Flex-Rest is a small company owned by the inventor's family. (Ambrose Aff., ¶ 2).

Steelcase, on the other hand, is the largest manufacturer of office equipment in the country with approximately $3.89 billion in revenue in 2001. (Exhibit 13). Steelcase has its corporate home in Grand Rapids, Michigan, but can be found throughout the country. Steelcase is closely associated with the Northern District of Illinois in various ways. For example, Steelcase maintains a corporate showroom in Chicago at the Merchandise Mart. (Exhibits 6, 7, 10). This corporate showroom, "Worklife Chicago," includes products sold by Steelcase as well as by Office Details. (Ambrose Aff., ¶ 6; Exhibits 6, 7). Further, Steelcase has at least ten dealers in the Northern District of Illinois for its office products. (Ambrose Aff. ¶ 7; Exhibit 8). Office Details is a wholly owned subsidiary of Steelcase that manufactures and sells computer keyboard supports. (Klipa Aff., ¶ 6, 7). Office Details has a sales representative in Chicago through whom it sells its keyboard supports and other products. (Klipa Aff., ¶ 16).

Concepts is an authorized Steelcase and Office Details dealer headquartered in Chicago. (Byl Aff., ¶3). Concepts advertises that it is the largest dealer of Steelcase products in the Chicago area, and one of Steelcase's top ten dealers nationally.[1] (Exhibit 9). Concepts is incorporated in Illinois (Answer, ¶ 4) and it is apparently Defendants' position that Concepts is not subject to jurisdiction in the Western District of Michigan, i.e., the case couldn't have been brought there against them. Concepts sells computer keyboard supports that allegedly infringe Ambrose's patents-in-suit.

III.    **SEVERANCE IS INAPPROPRIATE BECAUSE THE CLAIMS AGAINST STEELCASE, OFFICE DETAILS, AND CONCEPTS ARISE AT LEAST IN PART OUT OF THE SAME TRANSACTION OR OCCURRENCE AND PRESENT COMMON QUESTIONS OF LAW**

Under Fed. R. Civ. P. 21, severance is only appropriate where the claims do not arise

out of the same transaction or occurrence or do not present common questions of fact or law.

*United States ex rel. Finks v. Huda*, 205 F.R.D. 225, 228 (S.D. Ill. 2001), *citing Bennett v. School*

*Dirs. Of Dist. 115*, 1996 WL 495555, at *3 (N.D. Ill. 1996). Further, when it does occur

severance should be logical and should result in fairness and convenience to the parties and

further the efficiency of the litigation. *Bennett*, 1996 WL 495555, at *2. Here, severance is not

appropriate because many of the infringement actions engaged in by Steelcase, Office Details and

Concepts all arise out of the same transaction or occurrence. Moreover, severance only serves to

frustrate Ambrose's enforcement attempts and does nothing to further the efficiency of the

litigation.

Acts of infringement of the Chicago based Defendant in the present case arise out of the

same transaction or occurrence, and thus cannot be properly severed under Fed. R. Civ. P. 21.

Acts of infringement are defined in pertinent part by 35 U.S.C. § 271(a) as "… whoever without

authority makes, uses, <u>offers to sell</u> or <u>sells</u> any patent invention …during the term of the patent

therefor, infringes the patent." (emphasis added). 35 U.S.C. § 271(b) further provides that

"whoever actively induces infringement of a patent shall be liable as an infringer."

---

[1] In his affidavit, Bruce Byl indicates that two other dealers in Chicago, Illinois are larger in size and sales volume than Concepts (Byl Aff., ¶ 3) which on its face would appear inconsistent with how Concepts markets itself.

Defendant Office Details, a wholly owned subsidiary of Defendant Steelcase, manufactures and sells computer keyboard supports that allegedly infringe Ambrose's patents. Regardless of where these keyboard supports are manufactured, Steelcase and Office Details both "offer to sell" and "sell" these infringing products through sales representatives and dealers in Chicago, Illinois. Moreover Concepts, as a dealer in the Steelcase network, purchases these infringing keyboard supports and sells them in the Chicago area. Consequently, Defendants' actions arise out of the combination of acts that make up Ambrose's infringement claim – the manufacture of infringing keyboard supports and the subsequent sales and offers for sale of these allegedly infringing products to the public including here in Illinois. These actions present a common question of infringement and thus severance is inappropriate.

Defendants argue that severance is appropriate because Concepts is only "an indirect participant" to the litigation because it is one of several dealers selling Office Details' products in Chicago. This is not the case. Concepts purchased for resale in Chicago approximately $237,000 worth of allegedly infringing keyboards in a single year. (Klipa Aff., ¶ 15). Moreover, what Steelcase calls "indirect acts" are actually independently legally recognized acts of infringement, i.e. selling and offers to sell. Thus, Concepts' alleged infringement would appear to be more than merely de minimis, and Ambrose maintains that Concepts has a real connection to this litigation and is not an indirect participant or a "mere customer."

The Northern District of Illinois has denied motions to sever where one of many distributors of a potentially infringing product was held to be more than a mere "customer." *The Magnavox Company v. APF Electronics, Inc.*, 496 F. Supp. 29, 35 (N.D. Ill. 1980) (claim against distributor was not severed where defendants were manufacturers and distributors of the

allegedly infringing product and where defendants did a large amount of business in Illinois). Contrary to the Defendants' assertions in its memorandum in support of transfer and severance, Concepts itself claims to be the main dealer of Steelcase products in the Chicago area as well as one of their top ten dealers nationally. (Exhibit 9). Being or holding itself out to be such a large distributor of Steelcase and Office Details' products ties Concepts even closer to Steelcase and makes it more than a mere "customer."

Finally, when severance results in duplicative, piecemeal litigation in separate federal courts, especially where such litigation results in inconvenience to the parties and witnesses and results in an inefficient use of judicial resources, the motion to sever and transfer should be denied. *See Uresil Corp. v. Cook Group Inc.*, 1988 WL 124335 (N.D. Ill. 1988). Severing Concepts from the current litigation will burden the Plaintiffs and might require duplicative use of witnesses, legal counsel, and other resources if Plaintiffs were required to try their case against Concepts at some later date. And to what end, simply so Steelcase can argue that this is a properly transferable case!

## IV. TRANSFER IS INAPPROPRIATE BECAUSE THE MOVANT CANNOT SHOW "A CLEAR BALANCE OF INCONVENIENCE"

The applicable federal venue statute provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1993). Although a district court has the discretion to transfer venue, transfer is appropriate only where the convenience of parties and witnesses and the interests of justice so demand and where the action could have originally been brought in the proposed transferee district. *Id., see also Heller*

6

*Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989). In general, if the forum chosen by a plaintiff is convenient and natural, and not chosen with an intent to harass the defendant, defendant's burden to justify a transfer is substantial, and plaintiff's choice should ordinarily be confirmed. *See e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986) ("the movant . . . has the burden of establishing . . . that the transferee forum is *clearly more convenient*") (emphasis added). In considering a transfer, the Court considers both the private interests of the litigants and the public interest. *Recycling Scis. Intern. v. Soil Restoration*, 159 F. Supp. 2d 1095, 1099 (N.D. Ill. 2001).

## A.    The Balance of Private Interests Weighs Against Transfer

Private interests that are considered in evaluating the interests of justice include: the plaintiff's choice of forum; where the material events occurred; the convenience of the parties and the relative abilities of the parties to bear the expenses of trial in the transferee jurisdiction; the convenience of counsel; and the location of the witnesses and documentary evidence. *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994-95 (N.D. Ill. 2001). Assessment of these factors demonstrates that Defendants have failed to show that the Northern District of Illinois is clearly inconvenient.

### 1.    Plaintiff's Choice Of Forum Is Given Deference

"[A] plaintiff's choice of forum should *rarely* be disturbed unless the balance weighs strongly in the defendant's favor." *Peterson v. United States Steel Corp.*, 624 F.Supp. 44, 45 (N.D. Ill. 1985); see also *Pasulka*, 131 F. Supp. 2d at 995 (noting that ordinarily, the plaintiff's choice of forum is given deference unless it lacks any significant contacts with the claim). Here, each of the Defendants is alleged to have either sold, offered for sale, or induced the sale or offer

7

for sale of infringing keyboard supports within this district. Significant contacts exist between the infringement claim and the Northern District of Illinois. Thus, absent a compelling reason otherwise, Ambrose's choice of forum in the Northern District of Illinois should be honored.

### 2.    The Situs of Material Events Exists in Illinois

Under 35 U.S.C. § 271(a), infringement occurs whenever someone "makes, uses, offers to sell or sells any patent invention …during the term of the patent therefor, infringes the patent." (emphasis added).   In their motion, Defendants argue that the situs of relevant events in this action occurred solely in Michigan where the infringing products were manufactured by Office Details. Defendants read the patent infringement statute much too narrowly, focusing only on the act of "making." The infringement statute also explicitly prohibits the offer for sale and sale of any patented invention.

Each of the named Defendants in this action "offered for sale" and "sold" allegedly infringing products in Illinois. As stated previously, Steelcase maintains a corporate showroom in Chicago wherein it displays keyboard support products. (Ambrose Aff., ¶ 6). Steelcase has ten dealers in the Northern District of Illinois through which it sells these products. (Ambrose Aff. ¶ 7). Likewise, Office Details has a sales representative in Chicago through whom it sells its keyboard supports. (Klipa Aff., ¶ 16). And, of course, Concepts, which is headquartered in Chicago, sells allegedly infringing keyboard supports in Chicago. (Byl Aff., ¶3). Indeed, Concepts advertises that it is the largest dealer of Steelcase products in the Chicago area and one of Steelcase's top ten dealers nationally. (Exhibit 9). In 2001 alone, Concepts purchased for resale in Chicago approximately $237,000 worth of allegedly infringing keyboards. (Klipa Aff., ¶ 15).

8

Each of these acts occurred within Illinois and are relevant to the controversy at hand.
Contrary to Defendants' assertions, Ambrose need not demonstrate that all or even a majority of
the events giving rise to a claim take place in Illinois but only that there are significant contacts
between the situs and the claim. *See Pasulka*, 131 F. Supp. 2d at 995.

### 3. <u>Moving the Venue Merely Shifts Any Inconvenience From Defendants To Plaintiffs</u>

Defendants argue that transfer of venue is appropriate because it will be less expensive
and easier for <u>Defendants and their witnesses</u> to try this case in Grand Rapids. *See* Memorandum
in Support of Defendant's Motion To Transfer and Sever at 7. Defendants misunderstand the
venue rules – the venue statue is not designed simply to make trying a case more convenient for a
defendant. Indeed, transfer from one forum to another is inappropriate where it only serves the
function of shifting inconvenience from one party to the other. *Vandeveld*, 877 F. Supp. at 1167.

Transfer of this action to Michigan would serve to increase the cost and inconvenience
for Ambrose. Flights from Boston to Chicago are generally substantially less expensive than
flights to Grand Rapids. (Ambrose Aff., ¶ 5; Exhibit 5). Further, there are a larger number of
flights available between these two cities thereby making it more convenient for Plaintiffs and
their Boston-area witnesses to prepare for and attend trial. *Id*. In addition, Chicago is more
convenient for Concepts which is located in Chicago. Finally, because Defendants' witnesses are
primarily employee witnesses, it appears there would be no problems with compelling their

testimony, as it is assumed that party witnesses will appear voluntarily in either district.[2]

Consequently, a transfer of venue in this case would only serve to shift any inconvenience to

Ambrose from Defendants Steelcase and Office Details, who are both significantly greater in size

and financial wealth than Ambrose.[3]

### 4.     The Transferee District Is Inconvenient For Counsel

The convenience of counsel may also be considered if it will affect the cost of litigating.

*Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 483 (N.D. Ill. 1987).  Since local

counsel has already been obtained in Chicago and Grand Rapids is a more inconvenient forum to

travel to, the cost of transferring venue would have an adverse affect on the cost of litigation for

Ambrose.   Further, Steelcase, Office Details and Concepts' trial counsel is actually from

Wilmington, Delaware.  Thus any costs associated with bringing Steelcase and Office Details'

witnesses to trial in Chicago would likely be offset by the savings in travel costs and attorney

time by having trial and hearings here in Chicago and not in Grand Rapids.

### 5.     Much Of The Proof In This Case Is Located In Chicago

The last private interest factor to consider is the access to sources of proof.   The

appropriate venue for a patent infringement case is where the alleged acts of infringement

---

[2] While witness inconvenience is considered to be an important factor to consider in a motion to transfer, the location of non-party witnesses is typically given more weight because it is assumed that party witnesses will appear voluntarily in either district. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058-59 (N.D. Ill. 2002). The witnesses named by Steelcase and Office Details appear to all be employee witnesses, thus this factor is of little weight.
[3] In its brief, Defendants mention that PEARL is assisting Ambrose with the costs of litigation. The fact that Ambrose and Flex Rest could not enforce their patent rights without the help of others speaks volumes about the relative disparity of the parties and their ability to bear expenses.

occurred. *Recycling Scis.*, 159 F. Supp. 2d at 1100. Here, Ambrose alleges that Steelcase, Office

Details and Concepts infringed the patents-in-suit when they offered for sale and sold infringing

keyboard support products in Illinois. Defendants assert that all relevant proof is located in

Michigan. Once again, this argument is based on Defendants' narrow reading of the patent

infringement statute. By failing to recognize that the offer for sale and sale of infringing products

amounts to infringement, Defendants ignore that a substantial amount of evidence involved in

this case is located in Chicago. In particular, all of Concepts' witnesses and documents are

located in Chicago. Likewise, all documents of sales made at or through Steelcase's corporate

showroom in Chicago or by Office Details' Chicago sales representative are likely located in

Chicago. It is also true some evidence is in Chicago and some evidence is in the Boston area.

Consequently, even though some evidence is located in Michigan, this factor does not clearly

weigh in favor of the transfer of venue.

In sum, a weighing of the private factors supports the conclusion that transfer of venue to

Michigan is improper.

**B.     The Balance Of Public Interests Weighs Against Transfer**

The public interests to be assessed for a § 1404(a) motion for transfer of venue include

the court's familiarity with applicable law, judicial efficiency and the potential of juror bias. *See*

*Pasulka*, 131 F. Supp. 2d at 995; *Vandeveld*, 877 F. Supp. at 1169; *Steelcase Inc. v. Haworth*

*Inc.*, 41 U.S.P.Q.2d 1468, 1471 (C.D. Cal. 1996 ). "The interests of justice may be determinative

to a particular transfer motion even if the convenience of the witnesses and parties might call for

a different result." *Recycling Scis.*, 159 F. Supp.2d at 1101.

1.     **The Northern District Of Illinois Is More Familiar With Intellectual Property Litigation And Thus There Is Likely To be Greater Judicial Efficiency Here**

In evaluating the public interests, the Court may consider the Court's familiarity with the applicable law. *Id.* at 1100-01. In a patent infringement action, this would seem to be of particular import, as intellectual property is often considered a difficult area of the law where experience can be helpful. Ambrose submits that this Court is likely to have more experience in this area of law than a Western District of Michigan court as the Northern District of Illinois appears to handle many more intellectual property cases than does the Western District of Michigan. *See Exhibit 13* (noting that the Northern District of Illinois had 376 filings of intellectual property cases versus 40 in the Western District of Michigan in 2001).[4]

Thus while the judicial efficiency seems to be similar in the two districts, *see id.* (listing the average time for the Northern District of Illinois from filing to disposition as 5.6 months and the average time from filing to trial as 26.3 months compared to the Western District of Michigan which has an average of 8.0 months from filing to disposition and an average of 23.7 months from filing to trial), the familiarity of the court with intellectual property law issues will make the litigation process more efficient.

2.     **There Is A Strong Possibility Of Potential Bias In Favor Of Defendants In Michigan**

In their motion for transfer of venue, Defendants argue that because the Western District of Michigan is the home of the three largest office equipment and furniture manufacturers in the

---

[4] While it is recognized that Judge Lefkow may not yet have tried a patent infringement case, presumably procedures are well-established, and Magistrate Ashman and Court personnel are all familiar with this type of case.

country, the suit should be moved there. *See* Memorandum in Support of Defendant's Motion To Transfer and Sever at 8. Defendants have it backwards—this is a reason to keep the suit in the Northern District of Illinois, in order to avoid the possibility of a prejudiced jury. Steelcase is the third largest employer in the area with approximately 8866 employees. (Exhibit 11). Herman Miller's is the fourth largest with approximately 6426 employees, and Haworth is the ninth largest with approximately 3929 employees. *Id.* Thus, a significant number of individuals in the potential jury pool either work for Defendants or its competitors or are closely associated with someone connected with Defendants either through business dealings or personal relationships. Furthermore, since other office equipment and furniture companies also provide a substantial amount of employment to the Grand Rapids community, the potential for jury bias resulting from fear of economic area repercussions resulting from an injunction in this case is strong.

In *Steelcase Inc. v. Haworth Inc.*, 41 U.S.P.Q.2d 1468, 1471 (C.D. Cal. 1996 ) a patent infringement action between two of these large Grand Rapids based office equipment and furniture manufacturers, Steelcase, represented in part by the same counsel as here, argued "that it will be more difficult to empanel an impartial jury in the Western District of Michigan because Haworth and Steelcase employ a significant number of persons in the Western District of Michigan." That same argument was also made in *Haworth, Inc. v. Herman Miller, Inc.*, 821 F.Supp. 1476 (N.D. Georgia 1992), another patent infringement action between two of these large Grand Rapids based office equipment and furniture manufacturers. While in both of those cases, that argument did not prevail, it should here.

Perhaps most distinguishing of these cases is the fact that in both of the above-cited cases the plaintiff was actually from the Western District of Michigan, and both parties were large businesses that resided in that same district. Consequently, in those cases any potential prejudice would likely cut both ways and affect each party equally. That would not be the case here where Ambrose and Flex Rest are outsiders without connection to the Michigan forum. The fact that in other cases the Grand Rapids based "giants" of the office equipment and furniture industry (including Defendant Steelcase) expressed concern about being able to get an impartial jury in their home forum when bringing suit against one another, raises serious concerns for the small plaintiff without substantial contacts in defendant's desired forum. This is particularly true, here, where Steelcase, together with other office equipment manufacturers, are already working together in an attempt to thwart enforcement of the Plaintiffs' patents.[5] Transfer of this case to Defendants home turf is likely to result in strong juror bias toward Defendants. On the contrary, in the Northern District of Illinois, both Ambrose and Defendants would be on equal footing, with no potential for juror bias.

In sum, a weighing of the public factors supports the conclusion that transfer of venue to Michigan is improper.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiffs Ambrose and Flex Rest respectfully request that this court deny Defendants' motion to transfer, sever and stay.

---

[5] *See e.g.* Exhibit 15 wherein Steelcase adopts arguments from another office equipment manufacturers demonstrating that companies in the industry are in concert against Plaintiffs and Plaintiffs' patents.

14

Respectfully submitted,

Dated: _June 7, 2002_                    By _Lisa Kattan_

Edmund J. Sease
Jeffrey D. Harty
Ronald M. Sotak
John D. Goodhue
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Telephone: (515) 288-3667
Facsimile: (515) 288-1338


David R. Bennett (#6244214)
Lisa M. Kattan (#6269272)
ROPER & QUIGG
200 S. Michigan Avenue, Suite 1000
Chicago, IL 60604
Telephone: (312) 408-0855
Facsimile: (312) 408-0865

Attorneys for Plaintiffs
FREDERIC C. AMBROSE and FLEX-REST, LLC

**Certificate of Service**

I hereby certify that a true copy of the foregoing instrument was served by depositing with the U.S. Postal Service as First Class, Mail postage prepaid, in an envelope addressed to the following on this ⟶ day of _____ June _____, 2002:

Thomas A. Stevens
George Pazuniak
Connolly Bove Lodge & Hutz LLP
1220 Market Street
P.O. Box 2207
Wilmington, DE   19899-2207

Russell J. Hoover
William D. Heinz
Jenner & Block, LLC
One IBM Plaza
Chicago, IL   60611

16

# SEE CASE FILE FOR EXHIBITS