# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2753 | **DATE** | 7/3/2002 |
| **CASE TITLE** | Ambrose, et al. vs. Steelcase, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to transfer venue [#20-1] to the Western District of Michigan with respect to plaintiffs' action against defendants Steelcase, Inc. and Office Details, Inc., is granted. Defendants' motion to sever [#20-2] and stay [#20-3] plaintiffs' action against Office Concepts, Inc. in the Northern District of Illinois is granted. The claims against Concepts, Inc. are hereby severed. The Clerk is directed to transfer the claims against Steelcase and ODI to the Western District of Michigan. All proceedings against Concepts are stayed until further order of the court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 8 2002 date docketed | 28 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 7/3/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MD | courtroom deputy's initials | 02 JUL -3 PM 3:33 FILED Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 0 8 2002

FREDERIC C. AMBROSE and )
FLEX-REST, L.L.C. )
)
Plaintiffs, )
)
vs. ) No. 02 C 2753
) Judge Joan H. Lefkow
STEELCASE, INC., )
OFFICE DETAILS, INC. and )
OFFICE CONCEPTS, INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Before this court are the motion of defendants, Steelcase, Inc. ("Steelcase"), Office Details, Inc. ("ODI") and Office Concepts, Inc. ("Concepts"), under 28 U.S.C. § 1404(a) to transfer this patent infringement action against Steelcase and ODI to the Western District of Michigan, and their motion under Rule 21, Fed. R. Civ. P., to sever and stay the action against Concepts pending disposition of the case in the transferee district. Plaintiffs, Frederic C. Ambrose ("Ambrose") and Flex-Rest, L.L.C. ("Flex-Rest") oppose both motions. For the reasons set forth below, the court grants the motions.

### BACKGROUND

Ambrose, a resident of Massachusetts, is the sole inventor on the two patents-in-suit, Nos. 5,709,489 and 5,961,231 ("the patents"), issued by the United States Patent and Trademark Office on January 20, 1998 and October 5, 1999, respectively. Flex-Rest, a company owned by Ambrose's family and located in Massachusetts, is the assignee of the patents. The patents



pertain to the design and manufacture of computer keyboard supports. Flex-Rest sells the computer keyboard supports through an internet website at http://www.flexrest.com and through the catalogs of various other companies including Dartek and Global Computer Supplies, both of which maintain a place of business in Illinois. On or about April 17, 2002, plaintiffs filed the instant action, alleging that Steelcase, ODI, and Concepts infringed the patents when they manufactured and/or sold ODI's computer keyboard supports in Illinois "and/or elsewhere throughout the United States[.]" (Compl. ¶¶ 8, 15.)

Steelcase, the largest office furniture manufacturer in the country, designs, produces and supplies integrated office furniture systems. In 2001, it received revenues of approximately $3.89 billion. Its principal place of business is in Grand Rapids located within the Western District of Michigan. It is licensed to do business in Illinois and has at least ten dealers within the Northern District of Illinois. Steelcase also maintains a corporate showroom in Chicago where it displays its own products as well as those of ODI. Steelcase, however, does not design, manufacture or sell the allegedly infringing computer keyboard supports.[1] (Klipa Decl. ¶ 7, Def. Ex. A.) ODI, once a division of Steelcase but now a wholly-owned subsidiary, designs, manufactures and sells the accused product. ODI's principal place of business is also located in Grand Rapids. ODI sells the accused product throughout the country. It has one sales representative in Chicago[2] and sends employees to trade shows in Chicago. It also conducts similar business activities in other major metropolitan areas throughout the country.

---

[1] The complaint alleges that Steelcase sells the accused product. (Compl. ¶¶ 8, 15.) Nevertheless, because Steelcase's statement is supported by a declaration under oath and is not controverted by plaintiffs, it is accepted as true for the purpose of the motions.

[2] According to defendants' evidence, this ODI sales representative is 1 of 21 such representatives throughout the country. (Def. Ex. A ¶ 16.)

2

Steelcase and ODI sell their products through hundreds of independently-owned dealers throughout the United States. One of these authorized dealers, Concepts, is incorporated and does business solely in Illinois and is located in Chicago. Concepts does not design, engineer, or manufacture the accused product. In 2001, Concepts' purchases of ODI products totaled approximately $547,000. (Def. Ex. A.) Of that total, Concepts had purchases of approximately 1900 units of ODI's computer keyboard supports totaling $237,000. (*Id.*) Although Concepts has marketed itself on its website as "the largest dealer in the Chicagoland area [of Steelcase's products]," Concepts now avers that there are two dealers that currently have more sales of Steelcase and ODI products than itself. (Def. Ex. B; Def. Reply Ex. A.)

## **DISCUSSION**

Each of the motions can be viewed as a threshold question to the other--if transfer is not appropriate, neither is severance; if severance should be denied, transfer is not appropriate. The court chooses to address the motion to transfer first.

### A. **Motion to transfer venue**

A motion to transfer venue is governed by 28 U.S.C. §1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To qualify for a transfer, (1) venue must be proper in both the transferor and transferee courts, and (2) the transfer must be for the convenience of the parties and the witnesses and in the interest of justice. *See Pasulka* v. *Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), quoting *TruServ Corp.* v. *Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). The moving party bears the burden of demonstrating

3

that transfer is "clearly more convenient." *Heller Fin. Inc.* v. *Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989), quoting *Coffey* v. *Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The court "must consider the statutory factors in light of all the circumstances of the case." *Id.* at 219. The parties do not argue that venue is improper in this district or the transferee district. Instead, the parties dispute whether transfer is warranted for the convenience of the parties and witnesses and whether transfer serves the interest of justice.

1. *Convenience of the parties and the witnesses*

Factors the courts consider in evaluating the convenience of the parties and witnesses include the plaintiffs' choice of forum; the situs of material events; the relative ease of access to sources of proof in each forum; and the comparative convenience of the respective forums for the litigation. *E.g., Brandon Apparel Group, Inc.* v. *Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999) (citations omitted); *see also Recycling Sci. Int'l, Inc.* v. *Soil Restoration and Recycling, L.L.C.*, 159 F. Supp. 2d 1095, 1099-1100 (N.D. Ill. 2001) (listed as "the private interests of the litigants").[3]

a. Plaintiffs' choice of forum/situs of material events

Plaintiffs' choice of forum is generally entitled to substantial deference, particularly where the chosen forum is the plaintiffs' home forum. *Brandon Apparel*, 42 F. Supp. 2d at 833; *see United Air Lines, Inc.* v. *Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998) (Unless the balance weighs strongly in favor of transfer, plaintiffs' choice should not be disturbed.). But

---

[3]Plaintiffs incorrectly cite *Pasulka* v. *Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2000), when they state one of these factors includes "the convenience of counsel." (Resp. at p. 7.) *Pasulka* does not identify such a factor. Indeed, "[t]he convenience and location of counsel have never been accorded weight in a transfer analysis[.]" *Hemstreet* v. *Scan-Optics, Inc.*, No. 89 C 5937, 1990 WL 36703, at *4 (N.D. Ill. Mar. 9, 1990), citing *Blumenthal* v. *Mgmt. Assistance, Inc.*, 480 F. Supp. 470 (N.D. Ill. 1979). However, it has been said that "if the convenience of counsel bears directly on the cost of litigation, it becomes a factor to consider." *Blumenthal*, 480 F. Supp. at 474.

4

"plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action . . . . In such a case, it becomes just one of many factors to be viewed by the Court when making its determination of convenience." *Hotel Constructors, Inc.* v. *Seagrave Corp.*, 543 F. Supp. 1048, 1050 (N.D. Ill. 1982) (internal citations omitted).

Defendants point out that the Northern District of Illinois is not the home forum of either Ambrose or Flex-Rest. Moreover, defendants argue, a significant part of the allegedly infringing activity occurred within the Western District of Michigan, where ODI designs, develops, engineers and tests its computer keyboard supports. Defendants argue further that, although ODI is its wholly owned subsidiary, Steelcase does not manufacture, make, sell, or use the accused product, and neither ODI nor Steelcase has any relationship to the Northern District of Illinois other than through its nationwide marketing activities. Plaintiffs, on the other hand, focus on the "sell" rather than the "make" aspect of infringement and point to large volumes of sales made by defendants within the Northern District of Illinois (although plaintiffs also allege defendants are liable for this type of infringement throughout the United States). Where it appears, as here, that plaintiff could have sued in many different districts and there is no particular reason why plaintiffs would prefer this district (apart from Concepts, which is discussed in regard to the motion to sever), the court will defer to plaintiffs' choice of forum only should other factors be approximately equal between the parties.

b. Relative ease of access to sources of proof

With the exception of proof pertaining to Concepts' resale of the accused product in Chicago, defendants point out that most of the witnesses, as well as all of the relevant proof concerning the design, development and engineering of ODI's computer keyboard, and ODI's

5

and Steelcase's sales information, is located in Michigan. Plaintiffs emphasize Concepts' sales information being located in Chicago, as well as that of Steelcase's large Chicago operation.

The liability issues drive any litigation, and this is no exception. To establish liability, plaintiffs will have to discover primarily the design, development and engineering of the accused device. That evidence is likely to be found in Michigan. Therefore, this factor weighs in favor of transfer.

### c. Convenience of the witnesses

"The convenience of the witnesses is often viewed as the most important factor in the transfer balance." *Brandon Apparel,* 42 F. Supp. 2d at 834, quoting *Rose v. Franchetti,* 713 F. Supp. 1203, 1214 (N.D. Ill. 1989). In evaluating this factor, the court considers the number of witnesses located in each forum (although determination of venue should not depend on which party submits a longer witness list, *Brandon Apparel,* 42 F. Supp. 2d at 834), and the nature, quality, and importance of their testimony. *See Rohde v. Central Railroad of Indiana,* 951 F. Supp. 746, 748 (N.D. Ill. 1997 ("[T]he Court considers not only the number of witnesses located in each forum but also the nature and importance of their testimony. [The movant] bears the burden of establishing who [the] witnesses are, what their testimony will be, and how vital that testimony will be to the case.") (internal citations and quotations omitted); *United Air Lines,* 8 F. Supp. 2d at 799; *see also Brandon Apparel,* 42 F. Supp. 2d at 834 ("the court will not consider the convenience of unidentified witnesses").[4]

---

[4]The court may also consider the ability to compel hostile or unwilling witnesses to attend. *Bousis v. Marriott Int'l, Inc.,* 47 F. Supp. 2d 1004, 1006 (N.D. Ill. 1999). Although defendants contend that plaintiffs do not have the power to subpoena Steelcase and ODI employees as witnesses in this district, defendants do not expressly argue that they would not produce these witnesses in either district.

6

Defendants identify thirteen potential witnesses located in Grand Rapids: five manage the engineering, manufacturing, and sales and marketing of ODI's computer keyboard supports and eight are engineers who worked with computer keyboard supports in the late 1980s and 1990s and are knowledgeable of the prior art and original development of ODI's computer keyboard supports. (Def. Ex. A.) Plaintiffs merely indicate that transfer would inconvenience their "Boston-area" witnesses. Chicago, as well, will be inconvenient to plaintiffs' Boston area witnesses. Clearly, this factor weighs in favor of transfer.

d. Convenience of the parties

In evaluating the convenience of the litigants, the court considers their residences and their ability to bear the expenses of litigating in a particular forum. *Brandon Apparel*, 42 F. Supp. 2d at 834. "Transfer is inappropriate if it 'merely transforms an inconvenience for one party into an inconvenience for the other party.'" *Id.*, quoting *Chemical Waste Mgmt. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994). Plaintiffs argue they would be inconvenienced by transfer to the Western District of Michigan because Ambrose would have to deal with infrequent and indirect flights from Boston to Grand Rapids.[5] Of course, Ambrose must travel regardless of whether this court transfers venue, whereas Steelcase and ODI's representatives must travel only if the case proceeds in Chicago. Although flight schedules to Chicago are more

---

[5]Plaintiffs also assert that Boston-to-Grand Rapids flights are more expensive, attaching a print-out from an airfare website. This print-out does not support their argument because the Boston-to-Grand Rapids flights range from $125.00 to $193.50 and the Boston-to-Chicago flights range from $136.00 to $257.50. (Pl. Ex. 5.)

7

frequent and thus likely more convenient for plaintiffs, the differences in convenience of either city from plaintiffs' home base in Boston is relatively inconsequential.[6]

Although defendants do not make a compelling argument that it would be especially inconvenient for them to litigate in Chicago, which is but 180 miles from Grand Rapids, as it may be assumed that depositions would occur in defendants' home district in any event, the court still concludes that this factor weighs somewhat in favor of transfer.

2. *Interest of justice*

"The 'interest of justice' is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220 (internal citations omitted). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as likelihood of a speedy trial, feasibility of consolidation, and in a diversity case, familiarity of judges with applicable law. *Id.* at 221.[7] The relation of the communities to the issue of the litigation and the desirability of resolving controversies in their

---

[6] Plaintiffs argue that transfer increases their costs of litigation in part because they have already obtained local counsel in Chicago, citing *Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 483 (N.D. Ill. 1987) (citing *Blumenthal*). The court in *Countryman*, however, *granted* the motion to transfer, finding in part that some of the parties already had counsel in both districts and some of the moving parties would also have to transfer their counsel. Where the convenience of counsel pertains only to local counsel, whose responsibilities for the litigation are limited to "receiving service of notices, pleadings, and other documents and promptly notifying the nonresident attorney of their receipt and contents," LR83.15(c), rather than "substantive aspects of the litigation," *id.*, this expense is not likely to be substantial. Further, because the instant action has been pending less than three months, plaintiffs have not shown how obtaining new local counsel in Grand Rapids would bear directly on their costs of litigation.

[7] Plaintiffs argue, based on case filing statistics demonstrating that many more patent cases are filed in the Northern District of Illinois than in the Western District of Michigan, that this court has more familiarity with the applicable law. The court's familiarity with applicable law is a factor that applies where state law is at issue. *See Coffey*, 796 F.2d at 221. Plaintiffs also concede that judicial efficiency is about the same in both districts. (Pl. Ex. 14.)

8

locale has also been cited as a factor. *See Energaire Corp. v. E.S. Originals, Inc.*, 99 C 3252, 1999 WL 1018039, at *4 (N.D. Ill. Nov. 2, 1999) (listed among "public interest factors").

According to defendants, the Chicago community lacks any substantial connection to this case and, as stated above, the Grand Rapids community has significant connection at least to the office furniture (if not keyboard support manufacturing) industry. Plaintiffs use defendants' response to support its view that there is a greater potential for jury bias in the Grand Rapids community because large office furniture manufacturers employ a large number of individuals from the Grand Rapids community.

Defendants reply based on *Steelcase, Inc. v. Haworth Inc.*, 41 U.S.P.Q.2d 1468, 1471 (C.D. Cal. 1996), and *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476, 1478 (N.D. Ga. 1992), in which the courts dealt with the same arguments. *Steelcase* and *Herman Miller* were patent infringement actions against two of the three largest office manufacturers in Grand Rapids. In transferring the case to the Western District of Michigan, the court in *Steelcase* relied significantly on *Herman Miller*. In *Herman Miller*, the court examined potential juror bias, considering media coverage of and community interest in the office furniture manufacturing industry. After a thorough analysis, including data from the potential jury pool within the southern division of the Western District of Michigan (the Grand Rapids area), the court concluded that "there simply is insufficient evidence to show that the Southern District [*sic*] jury pool of 1.8 million people is insufficient from which to draw a disinterested jury" and granted defendant's motion to transfer to that district. 821 F. Supp. at 1481.

According to plaintiffs, *Steelcase* and *Herman Miller* are distinguishable because both plaintiff and defendant in those cases were large office furniture manufacturers located in Grand

9

Rapids, whereas in the instant case, plaintiffs are outsiders to Grand Rapids. Plaintiffs' allegations of potential jury bias are unsupported by evidence that would indicate that, contrary to the situation ten years ago addressed in *Herman Miller*, there are now not enough people in the Western District of Michigan jury pool from which to draw a disinterested jury. Nor will this court assume there are few potential jurors in that district who would not be open to the concerns of inventors and patentees.

Having examined the circumstances as presented by the parties, the court concludes that litigation of this case in the Western District of Michigan is "clearly more convenient" and in the interest of justice. Plaintiffs' choice of forum resolves as the only factor weighing in plaintiffs' favor. The court agrees with the general principle recited in *Recycling Sciences Int'l*, 159 F. Supp. 2d at 1099,

> In patent infringement cases, practicality and convenience are best served when [cases are] prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field.

Thus, only if determination of the motion to sever and stay weighs in plaintiffs' favor should the motion to transfer be denied.

### B.     Motion to sever and stay

Defendants move to sever and stay the action against Concepts, contending that Concepts is only indirectly connected with this action. Plaintiffs assert that a severance would result in

10

piecemeal litigation and increase their burden in litigating the same cause of action in separate forums.

Under Rule 21 of the Federal Rules of Civil Procedure, "[a]ny claim against a party may be severed and proceeded with separately." "Assuming a transfer is called for, the court must determine if it has the authority to sever a cause of action against a properly joined defendant, transfer the cause of action as to one defendant, and stay the cause of action as to the other defendant." *Herman Miller*, 821 F. Supp. at 1478. Plaintiffs rely on *Magnavox Co. v. APF Elec., Inc.*, 496 F. Supp. 29, 35 (N.D. Ill. 1980), in which the plaintiffs sued fourteen defendants in the Northern District of Illinois for patent infringement. One of the defendants, Sears, moved to sever and stay the plaintiffs' action against it because it only purchased games from one of the other defendants, APF. The court denied Sears' motion, finding that Sears was more than a nominal defendant because plaintiffs' action involved the same patents; all the defendants were manufacturers and distributers of the allegedly infringing product; another defendant besides APF was a supplier of Sears; many of the defendants, including Sears, did a substantial amount of business in Illinois; and another action in New York had already been stayed pending the outcome of the present action. The court concluded that "[t]hese facts demonstrate that this litigation involves more than a mere 'customer suit.'" *Id.*

Defendants, on the other hand, cite several cases where the court severed and stayed a patent infringement action against defendants who were merely resellers of the allegedly infringing products, finding that these defendants were peripherally involved in the lawsuit. *LG Electronics Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 584 (D.N.J. 2001); *Gold v. Burton Corp.*, 949 F. Supp. 208 (S.D.N.Y. 1996); *Herman Miller, Inc.*, 821 F. Supp. at 1479;

11

*Coulter Electronics* v. *SmithKline Corp.*, 219 U.S.P.Q. 135, 136-37 (N.D. Ill. 1982). In *Gold*, for example, a Canadian plaintiff sued a New York sporting goods store and the manufacturer of the accused product in the Southern District of New York. The manufacturer moved for transfer to the District of Vermont, where it was headquartered; however, the transferee district had no personal jurisdiction over the sporting goods store. The court then severed and stayed the action against the sporting goods store and transferred the case against the manufacturer to the District of Vermont. In doing so the court stated,

> . . . the Court's hands are not tied where, as here, a plaintiff has joined an alleged infringer who has no real connection with the case except being downstream of the real defendant in the distribution chain for the manifest purpose of insisting upon an inconvenient venue which the plaintiff has no genuine tie.

*Gold*, 949 F. Supp. at 210, citing *Wyndham Assoc.* v. *Bintliff*, 398 F.2d 614, 618-19 (2d Cir. 1968) and WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2d § 3845 (1986).

Here, plaintiffs are suing only one reseller, Concepts, even though there are several other resellers of the accused product in Illinois and undoubtedly resellers (in addition to Steelcase) could be found within the Western District of Michigan and elsewhere. Unlike Sears in the *Magnavox* case, the inference here is irresistible that the principal reason Concepts has been sued is to establish venue in the Northern District of Illinois. Concepts is not in a position to defend the infringement claims, and if ODI prevails on those claims, Concepts will be relieved of the expense of litigation. On the other hand, should plaintiffs establish their infringement claims in the Western District of Michigan, the case against Concepts will in all likelihood settle, and if not, it can go forward in the Northern District of Illinois on damages issues only. This is hardly

12

different from a simple bifurcation.[8] Accordingly, the motion to sever and stay appears to serve "the just, speedy and inexpensive" disposition of this litigation. Fed. R. Civ. P. 1.

### ORDER

Defendants' motion to transfer venue [#20-1] to the Western District of Michigan with respect to plaintiffs' action against defendants Steelcase, Inc. and Office Details, Inc., is granted. Defendants' motion to sever [#20-2] and stay [#20-3] plaintiffs' action against Office Concepts, Inc. in the Northern District of Illinois is granted. The claims against Concepts, Inc. are hereby severed. The Clerk is directed to transfer the claims against Steelcase and ODI to the Western District of Michigan. All proceedings against Concepts are stayed until further order of the court.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 3, 2002

---

[8] Because plaintiffs raise no issue or claim preclusion arguments, and because Concepts has moved to sever and stay, the court assumes that Concepts will be bound by the judgment in the Western District of Michigan as to the liability issues.